**Katherine A. MEYER**

v.

**IMPERIAL TRADING CO., INC.**

**No. Civ.A. 01–146.**

United States District Court,
E.D. Louisiana.

March 28, 2001.

Paula Anne Perrone, Patricia Ellen Pannell, Chehardy, Sherman, Ellis, Breslin & Murray, Metairie, LA, for plaintiff.

Michael Thomas Tusa, Jr., Pamela W. Carter, Kelly McCarthy Rabalais, LeBlanc, Tusa & Butler, Metairie, LA, for defendant.

BARBIER, District Judge.

Before the Court is the **Motion to Dismiss** filed by defendant, Imperial Trading Company, Inc. ("Imperial"). Rec. Doc. 3. Plaintiff opposes the motion. The motion, set for hearing on Wednesday, March 28, 2001, is before the Court on briefs without oral argument.

### BACKGROUND

This lawsuit was initiated when plaintiff Katherine Meyer filed suit alleging that Imperial had terminated her employment because she informed Imperial of her desire to take leave under the Family & Medical Leave Act ("FMLA", "the Act"). Meyer, who had been working for Imperial since April 12, 1999, alleges that she was experiencing respiratory problems brought on by her exposure to second-hand smoke in her workplace, which apparently does not have a designated smoking area, and that her doctor suggested a leave to see if relief from the second-hand smoke exposure would improve her respiratory function. Meyer was fired on April 5, 2000, one day after presenting her employer with written notice that she sought to take leave under the FMLA. Imperial's stated reason for the termination was Meyer's "substandard performance."

Imperial has now moved for dismissal on two grounds. First, it argues that Meyer cannot state a claim under the FMLA because she is not an "eligible employee" under the Act, since she had not worked at Imperial for a full year at the time of her termination. Second, Imperial argues that plaintiff has not alleged a "serious health condition," as required by the FMLA. For the reasons that follow, the Court finds that Imperial's motion should be DENIED.

### DISCUSSION

The FMLA allows eligible employees who have a serious health condition to take up to twelve weeks of unpaid leave for medical reasons. 29 U.S.C. § 2601 *et seq.* Under the Act, an "eligible employee" is one "who has been employed (i) for at least 12 months by the employer with respect to whom leave is requested ...; and (ii) for at least 1,250 hours of service with such employer during the previous 12–month period." 29 U.S.C. § 2611(2)(a). A "serious health condition" is "an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611.

## Eligibility Under The FMLA

Imperial argues that Meyer cannot state a claim under the FMLA because she was not an eligible employee at the time she sought leave under the Act, because she was hired on April 12, 1999, requested leave in a letter of April 4, 1999, and was terminated April 5, 1999, before having worked a full year for Imperial.

The Code of Federal Regulations provides guidance concerning which employees are eligible under the FMLA:

> The determination[ ] of whether an employee ... has been employed by the employer for a total of at least 12 months must be made **as of the date leave commences.** If an employee notifies the employer of need for FMLA leave **before the employee meets these eligibility criteria,** the employer must either confirm the employee's eligibility based upon a projection that the employee will be eligible on the date leave would commence or must advise the employee when the eligibility requirement is met.

29 C.F.R. § 825.110(d) (emphasis added).

 Thus, the federal regulations anticipate precisely the scenario in which Meyer found herself: seeking leave under the Act before the date she became eligible, but to commence after she was eligible (i.e., after her one-year employment anniversary). Not only do the regulations not suggest that this timing would exclude an employee from coverage by the Act, the regulations place a burden on the employer who has received the notice to either confirm eligibility based on the projected eligibility date, or to advise the employee when he or she becomes eligible. Accordingly, based on the plain language of the applicable regulations, Imperial's argument that Meyer can state no claim under the Act because she requested leave before twelve months of employment was completed, to commence after the twelve months was completed, is baseless.

## Serious Health Condition

Imperial also argues that plaintiff's allegations of the serious health condition she suffers are legally insufficient to state a claim under the FMLA, because she failed to allege "continuing treatment by a health care provider," or make reference to a period of incapacity or treatment two or more times by her doctor.

The Code of Federal Regulations provide as follows with respect to ascertaining what is a "serious health condition" entitling an employee to FMLA leave:

> (a) For purposes of FMLA, "serious health condition" entitling an employee to FMLA leave means an illness, injury, impairment, or physical or mental condition that involves:

> \* \* \* \* \* \*

> (2) Continuing treatment by a health care provider. A serious health condition involving continuing treatment by a health care provider includes any one or more of the following:

>> (i) A period of incapacity (i.e., inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom) of more than three consecutive calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:

>>> (A) Treatment two or more times by a health care provider, by a nurse or physician's assistant under direct supervision of a health care provider, or by a provider of health care services (e.g., physical thera-

pist) under orders of, or on referral by, a health care provider. . . .

29 C.F.R. § 825.114.

 Thus, to state a claim under the Act, a plaintiff must allege continuing medical treatment, which includes a period of incapacity of at least three consecutive days, plus treatment on at least two occasions by a health care provider. While plaintiff's original complaint alleged only one doctor's visit, on the same day her opposition was filed, plaintiff filed an amended complaint, alleging three separate doctor visits, and that her doctor had opined that a leave from work was necessary to determine whether plaintiff's chronic respiratory condition would abate when she was removed from her smoke-filled work environment. And, although plaintiff has not explicitly stated that she suffered a period of incapacity of three consecutive days, the general tenor of Meyer's complaint suggests that she was chronically incapacitated by respiratory problems resulting from the smoky environment, and this inference is supported by her doctor's recommendation that she take a leave to determine if removing herself from the smoke exposure would resolve her chronic condition.

[3, 4] "[O]n a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Meadowbriar Home for Children, Inc. v. G.B. Gunn*, 81 F.3d 521, 529 (5th Cir.1996) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992)). Further, a motion to dismiss under rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir.1982).

Accordingly, while ideally plaintiff would have pled the duration of her incapacity with more specificity, because it does not "appear[ ] beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," the Court will not dismiss this action. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Therefore;

**IT IS ORDERED** that the **Motion to Dismiss** (Rec.Doc. 3) filed by defendant Imperial Trading Company, Inc., should be and is hereby **DENIED.**